**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4329**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEWIS LAVAN MURDOCK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00305-WO-1)

Submitted:  January 17, 2019                           Decided:  January 22, 2019

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Michael P. Diven, Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Lavan Murdock appeals the 30-month sentence imposed after he pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). This sentence was within the 27- to 33-month Sentencing Guidelines range determined at sentencing. Murdock disputes the district court's application of a four-level sentencing enhancement for using or possessing a firearm in connection with an other felony offense—specifically, possession with intent to sell or deliver a counterfeit controlled substance. The Government responds that, even if the district court erred in finding this enhancement applied, the sentence may be affirmed because the district court announced the same sentence as an upward variant sentence that is supported by the record. We agree.

When a sentencing court imposes a Guidelines sentence and states that it would impose the same term as an alternative variant sentence, "rather than review the merits of each [Guidelines] challenge[ ], we may proceed directly to an 'assumed harmlessness inquiry.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (quoting *United States v. Hargrove*, 701 F.3d 156, 162 (4th Cir. 2012)). An error in the calculation of the Guidelines is harmless if: "(1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

2

Here, the district court explicitly stated that it would have imposed the same 30-month sentence even if it miscalculated Murdock's advisory Guidelines range. We conclude that this statement satisfies the first step of the harmlessness inquiry. *Id.* at 383.

The second step of the inquiry is whether Murdock's sentence would be reasonable even if the Guidelines issue was decided in Murdock's favor—or, in other words, whether Murdock's 30-month sentence is substantively reasonable. *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). The record reveals that the district court reviewed the 18 U.S.C. § 3553(a) (2012) sentencing factors and concluded that a 30-month sentence was sufficient, but not greater than necessary, due to various facts reflecting the seriousness of the underlying offense. Given the district court's reasoning and the deferential standard with which we review criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Murdock's sentence would be substantively reasonable even if the disputed Guidelines issue was resolved in his favor, *see Savillon-Matute*, 636 F.3d at 123-24. Thus, even assuming that the district court erred in applying this enhancement in this case, in light of the district court's alternative variant sentence, such error is harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*